IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

HECTOR L. HUERTAS,

              Plaintiff,

      v.

CITY OF CAMDEN, et al.,

              Defendants.

---

HON. JEROME B. SIMANDLE

Civil Action
No. 05-5375 (JBS)

**OPINION**

APPEARANCES:

Hector L. Huertas
P.O. Box 448
Camden, New Jersey 08101
    Plaintiff Pro se

Felix P. Gonzalez, Esq.
OFFICE OF THE CITY ATTORNEY
City Hall, 4th Floor, Suite 419
520 Market Street
P.O. Box 95120
Camden, New Jersey 08101-5120
    Attorney for Defendants

**SIMANDLE**, District Judge:

## I.  INTRODUCTION

Plaintiff brought this action against the City of Camden and African American Camden public officials Gwendolyn Faison, Frank Fulbrook, Ali Sloan-El, Cyrus Saxon, and Deborah Polk (collectively "Defendants"), claiming that Defendants intentionally discriminated against Hispanic voters in Camden by promoting, enacting and enforcing a majority-vote/run-off requirement for elections of the Camden Mayor and Camden City Council Members in violation of the Voting Rights Act 42 U.S.C. §

1973, 42 U.S.C. § 1983, 42 U.S.C. 1988, and the First,
Thirteenth, Fourteenth, and Fifteenth Amendments to the U.S.
Constitution.[1]

This matter comes before the Court upon the motions of
Plaintiff Hector Huertas ("Plaintiff") for partial judgment on
the pleadings pursuant to Fed. R. Civ. P. 12(c) (Docket Items 34
and 37), to strike as insufficient certain of Defendants'
affirmative defenses pursuant to Fed. R. Civ. P. 12(f) (Docket
Items 37 and 38), and for a preliminary injunction pursuant to
Fed. R. Civ. P. 65(a) (Docket Item 33).  In these pending
motions, Plaintiff makes four arguments.  First, Plaintiff argues
that Defendants' answers to paragraphs twenty-nine, thirty-seven,
thirty-eight, thirty-nine, forty-two, and forty-three of
Plaintiff's amended complaint entitle him to partial judgment on
the pleadings.  (Plaintiff's Mem. Supp. Mot. for Partial J. on
the Pleadings at 1 [Docket Item 34].)  Second, Plaintiff argues
that this Court's prior Opinion and Order on this matter dated

---

[1]   This Court discussed the substance of Plaintiff's claims
in its prior Opinion and Order on this matter, Huertas v. City of
Camden, No. 05-5375, 2006 WL 2772033, at *1 (D.N.J. Sept. 22,
2006), denying Defendants' motion to dismiss.  "Prior to the
majority requirement, he claims, Hispanic candidates could and
did win office when competing against African American
candidates.  Now, he claims, a city-wide election in which a
Hispanic candidate wins a plurality leads to a run-off with an
African American candidate, who wins the majority of the vote and
the elected office when other African American candidates throw
their support to that candidate.  This, he claims, was
Defendants' intent in supporting this change in election law."
Huertas, 2006 WL 2772033, at *1.

2

September 22, 2006 (the "September Opinion"),[2] provides grounds
to strike Defendants' first, third, fourth, sixth, seventh, and
eighth affirmative defenses ("the defenses") as insufficient.
(Plaintiff's Mot. to Strike at 1 [Docket Item 38].)  Third,
Plaintiff argues that this Court should strike Defendants'
affirmative defenses because Defendants failed to plead good
faith as an affirmative defense.  (Plaintiff's Mot. to Strike at
1 [Docket Item 37].)  Fourth, Plaintiff argues that a preliminary
injunction enjoining Defendants from using the run-off
requirement is necessary to prevent immediate and irreparable
injury.  (Plaintiff's Mot. for Preliminary Injunction at 1.)  For
the following reasons, the Court shall deny these motions.

## II.  MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff's motions for partial judgment on the pleadings
(Docket Items 34 and 37) will be denied.  To prevail on a motion
for judgment on the pleadings,[3] the moving party must show that
there is no issue of material fact and that the moving party is
entitled to judgment as a matter of law.  Daley v. Haddonfield
Lumber Inc., 943 F. Supp. 464, 466 (D.N.J. 1996) (citing
Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290
(3d Cir. 1988)).  The district court must view the pleadings in

---

[2]  Id.

[3]  Fed. R. Civ. P. 12(c) provides that "[a]fter the
pleadings are closed but within such time as not to delay the
trial, any party may move for judgment on the pleadings."

the light most favorable to the non-moving party.  Id. (internal citation omitted).

Defendants' answers do not entitle Plaintiff to partial judgment on the pleadings.  Plaintiff has not shown that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law on his voting rights claims. Plaintiff alleges that Defendants, who are government officials, intentionally discriminated against Hispanic voters by implementing the run-off provision in violation of the Constitution and the Voting Rights Act.  Section 1983 provides a cause of action for constitutional violations.  See, e.g., Gomez v. Toldeo, 446 U.S. 635, 638 (1980).  To prove a prima facie claim under § 1983, Plaintiff must show: (1) a violation of a federal right, (2) by a person acting color of state law. Huertas v. City of Camden, No. 05-5375, 2006 WL 2772033, at *1 (D.N.J. Sept. 22, 2006) (citing Groman v. Manalapan, 47 F.3d 628 (3d Cir. 1995)); Carney v. Hargrave, No. 03-1717, 2006 WL 3825130, at *3 (D.N.J. Dec. 22, 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1998)).  For his constitutional voting rights claims, Plaintiff's prima facie case requires him to show that race discrimination was a motivating factor underlying Defendants' decision to enact the facially race-neutral run-off requirement.  See Brooks v. Miller, 158 F.3d 1230, 1241 (11th Cir. 1998) (citing Hunter v. Underwood, 471 U.S. 222, 225 (1985)

for proposition that once court determines that discrimination was motivating factor underlying government decision, burden shifts to defendant to demonstrate that law would have been enacted absent discriminatory motive).

For his Voting Rights Act claim, Plaintiff must show three threshold requirements: (1) whether Hispanic voting strength would be less diluted under a different, but workable scheme, (2) whether Hispanic voters are politically cohesive, and (3) whether the African American majority is usually able to defeat Hispanic voters' preferred candidates.  See Brooks, 158 F.3d at 1239-41 (applying test for Voting Rights Act claim adopted in Thornburg v. Gingles, 478 U.S. 30 (1986), to challenge a majority vote requirement); see also Jenkins v. Manning, 116 F.3d 685, 690 (3d Cir. 1997) (finding that Voting Rights Act challenge to at-large system of electing school board members required showing that (1) minority group is sufficiently large and geographically compact to constitute majority in  single-member district, (2) minority group is politically cohesive, and (3) white majority votes en bloc to usually defeat the minority's preferred candidate). Additionally, Plaintiff must ultimately show that, under the totality of the circumstances, the challenged voting scheme deprived minority voters of "an equal opportunity to participate in the political process and to elect representatives of their choice . . . ." Jenkins, 116 F.3d at 691.

A brief analysis of the pleadings illustrates why Plaintiff is not entitled to judgment at this stage.  In Defendants' answer to paragraph twenty-nine, Defendants admitted to the number of votes certain candidates won in the 2005 elections.  In Defendants' answer to paragraph thirty-seven, Defendants admitted that Defendant Sloan-El supported Defendant Faison, an African-American candidate, in the 2005 run-off election.  For paragraph thirty-eight, Defendants admitted that every run-off election in 2005 resulted in a victory for an African American candidate. Similarly, for paragraph thirty-nine, Defendant admitted that the 2005 run-off elections produced only two Latinos on City Council for the first time in ten years.

Additionally, it appears that the "allegations" admitted[4] from paragraphs forty-two and forty-three of the Complaint contain references to irrelevant newspaper articles.  Paragraph forty-three of the Complaint refers to Mayor Faison's support for the police in an unrelated tragedy, the June 2005 death of three Latino children in the trunk of a car, and paragraph forty-two refers to a dispute over Camden's allegedly wrongful failure to distribute federal grant money to the Puerto Rican Culture and Arts Center.  Defendants' admissions that these articles were published have no bearing on this voting rights case and entitle

---

[4] Defendants answered that the "quoted newspapers [sic] articles speak for themselves."

Plaintiff to no relief.

Plaintiff argues that all of these admissions are evidence of racially discriminatory motive and that the run-off scheme deprived Latinos of voting power.  However, these admissions do not even establish beyond dispute the prima facie elements of Plaintiff's constitutional claims because they do not show that discrimination against Hispanic voters was a motivating factor in Defendants' decision to enact and enforce the run-off scheme.  In addition, these admissions do not establish Plaintiff's Voting Rights Act claim because they do not show that Hispanic voters were deprived of an equal opportunity to participate in the political process and to elect representatives of their choice.  Indeed, the number of votes a candidate wins in any given election can be attributed to multiple reasons, such as voter preference, campaign strength, popularity, or position on issues.  Additionally, the number of votes certain candidates won does not show beyond dispute how Latinos voted in the elections, nor if their voting power was diminished.  Nor does the fact that African American candidates won an election establish beyond dispute that Latinos lost voting strength or that Defendants intended to discriminate against Hispanic voters.  Ultimately, the demonstration of an intent to discriminate is the Plaintiff's burden, and the present state of the record does not allow this Court to make such a determination.  See Brooks, 158 F.3d at 1241

(finding Plaintiff must demonstrate discriminatory purpose in constitutional challenge to majority vote requirement and citing Hunter, 471 U.S. at 225, for the same proposition).

This analysis demonstrates that there are issues of material fact. Because this Court must construe the pleadings in the light most favorable to Defendants for purposes of this motion, Plaintiff is not entitled to judgment as a matter of law and his motion for judgment on the pleadings will be denied.

## III. MOTIONS TO STRIKE DEFENSES

Plaintiff's motions to strike the defenses (Docket Items 37 and 38) will also be denied. Rule 12(f) provides, in part, that "the court may order stricken from any pleading any insufficient defense . . . ." Fed. R. Civ. P. 12(f). A court should not strike a defense unless the insufficiency of the defense is "clearly apparent from the pleadings." Ryer v. Harrisburg Kohl Bros., Inc., 53 F.R.D. 404, 408 (M.D. Pa. 1971); see Cipollone v. Ligget Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986), rev'd on other grounds 505 U.S. 504 (1992). Moreover, courts should avoid evaluating the merits of a defense when the facts of a case are undeveloped. Cipollone, 789 F.2d at 188 (internal citations omitted). Furthermore, motions to strike are disfavored, and will usually be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." McInerney v. Moyer Lumber and Hardware, Inc., 244 F.

Supp. 2d 393, 402 (E.D. Pa. 2002) (internal citations omitted). Plaintiff argues that he is entitled to strike the defenses because: (1) the September Opinion "overruled" them, and (2) Defendants failed to plead good faith as an affirmative defense. These arguments have no merit, as explained below.

**A.   Motion to Strike based on the September Opinion**

Plaintiff is not entitled to strike any defenses based on the September Opinion.  In the September Opinion, this Court denied, in part, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  <u>Huertas</u>, 2006 WL 2772033, at *1.  Plaintiff is mistaken about the effect of the September Opinion.

The September Opinion partially denied Defendants' motion to dismiss because Plaintiff's allegations, <u>if proven to be true</u>, stated a prima facie § 1983 claim.  <u>Huertas</u>, 2006 WL 2772033, at *7.  In deciding a motion to dismiss, courts, as did this Court in the September Opinion, consider the factual allegations from the complaint as true and, after construing them in the light most favorable to the non-moving party, decide whether they state a legal claim.  <u>Huertas</u>, 2006 WL 2772033, at *5 (internal citations omitted).  The Plaintiff, as the party opposing the rule 12(b)(6) motion, is not called upon to <u>prove</u> his claim; instead, he survives the motion if his pleadings merely <u>state</u> a claim.  Thus, this Court only assumed that the factual allegations were true for the limited purpose of deciding the

motion to dismiss.  After deciding the motion, that assumption of truth disappears.  Indeed, at trial, Plaintiff has the burden of proving these facts by a preponderance of the evidence.

Therefore, Plaintiff's motion to strike is premature. Importantly, at this stage of the litigation, Plaintiff's allegations remain just that - unproven allegations.  In denying Defendants' motion to dismiss, this Court did not make any findings of fact.[5]  Thus, Plaintiff must still prove that the allegations from his Complaint are true with evidence. Similarly, Defendants still have the opportunity to prove their defenses with evidence.  Litigants obtain such evidence during discovery.  Here, discovery began recently and the facts of this case are largely undeveloped.  Because courts should avoid evaluating the merits of a defense when the facts of a case are undeveloped, Plaintiff's motion to strike should be denied.

Additionally, the insufficiency of the challenged defenses is not clearly apparent from the pleadings.  A brief examination of these defenses illustrates that the defenses do not merit striking for insufficiency or any other reason.

Plaintiff moves to strike Defendants' first defense, failure

---

[5]  Indeed, in the September Opinion, this Court stated, "[t]he question before the Court is not whether a plaintiff will ultimately prevail; rather it is whether the plaintiff <u>can prove</u> any set of facts in support of his claims that would entitle him to relief."  <u>Huertas</u>, 2006 WL 2772033, at *5 (internal citations omitted)(emphasis added).

to state a cause of action upon which relief may be granted.  In
the September Opinion, this Court partially denied Defendants'
motion to dismiss Plaintiff's voting rights claims "without
prejudice" to Defendants' right to bring a renewed motion to
dismiss on different grounds or to file an appropriate motion for
summary judgment.  <u>Huertas</u>, 2006 WL 2772033, at *6.  This Court
granted the motion to dismiss the portion of Plaintiff's
Complaint pertaining to the Cramer Hill redevelopment because
Plaintiff lacked standing to bring those claims.  <u>Huertas</u>, 2006
WL 2772033, *5.  However, this Court denied the motion to dismiss
the remainder of the Complaint challenging the run-off
requirement.  <u>Id.</u>  Specifically, this Court rejected Defendants'
argument that Plaintiff had failed to allege conduct under color
of state law.  <u>Id.</u> at *7.  Finding that a "liberal construction
of the complaint compels the Court to find that Plaintiff has
alleged Defendants were acting under color of [state] law," this
Court nevertheless reserved the right to rule on the legal
sufficiency of Plaintiff's claims if and when "Defendants
suitability brief the issues [regarding the constitutional and
statutory validity of the run-off requirement] in the context of
a renewed Rule 12(b)(6) motion or summary judgment motion."  <u>Id.</u>
Thus, this remains a potentially valid defense.

    Plaintiff moves to strike Defendants' third defense, that
Plaintiff lacks standing to bring this action.  Again, in the

September Opinion, this Court found that Plaintiff lacked standing to challenge the Cramer Hill redevelopment, and thus dismissed only those portions of the Complaint related to Plaintiff's Cramer Hill claims. Huertas, 2006 WL 2772033, *4. The voting rights claims remain. This Court may only hear these claims if Plaintiff has Article III standing to challenge the run-off requirement. See Huertas, 2006 WL 2772033, *3 (citing Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006), for proposition that Article III requires litigants to have standing to bring claims in federal court). Furthermore, this Court noted in the September Opinion that Plaintiff should clarify whether he is registered to vote in Camden because that fact would bear directly on this defense. Huertas, 2006 WL 2772033, *7 n. 4. Thus, the standing issue is lurking in this case and this Court has not yet ruled on whether Plaintiff has standing for his voting claims. Thus, this defense is certainly not deficient because standing is always required for any action in federal court, pursuant to Article III.

Plaintiff moves to strike Defendants' fourth defense, that the applicable statute of limitations bars Plaintiff's claims. This defense is sufficient because Plaintiff asserts a claim under § 1983, which incorporates New Jersey's statute of limitations. See 287 Corp. Ctr. Assoc. v. Twp. of Bridgewater, 101 F.3d 320, 321 (3d Cir. 1996) (citing Wilson v. Garcia, 471

12

U.S. 261, 276 (1985), for proposition that state personal injury statute of limitations applies to § 1983 action).

This Court shall also deny Plaintiff's motion to strike Defendants' sixth defense, which asserts that Defendants were not acting under color of state law.  This defense is sufficient because if Defendants were not acting under color of state law, Plaintiff's asserted § 1983 claim will fail.  To state a prima facie § 1983 claim, Plaintiff must allege: (1) a violation of a federal right (2) by a person acting under color of state law.  See Huertas, 2006 WL 2772033, *6.  In the September Opinion, this Court found that a "liberal reading of the complaint compels this Court to find that Plaintiff has alleged Defendants were acting under color of law . . . ."  Huertas, 2006 WL 2772033, *7 (emphasis added).  However, the September Opinion did not find that Plaintiff had proven that Defendants were acting under color of law.  Thus, Plaintiff still has the burden to prove the allegation from his complaint that Defendants acted under color of state law by a preponderance of the evidence; of course, Defendants still have the opportunity to provide evidence of the contrary.  If Plaintiff cannot meet his burden, Defendants will prevail on the § 1983 claim.  Thus, this Court will not strike this defense.

Nor will this Court strike Defendants' seventh defense, which alleges that Defendants' challenged conduct does not rise

13

to the level of a constitutional violation.  This defense is sufficient because Plaintiff has asserted constitutional claims that he must prove at trial.  Defendants are free to argue that he has failed to meet this burden.

Plaintiff also moved to strike Defendants' eighth defense, that Plaintiff has not suffered any damages.  General tort law governs compensatory damages under § 1983.  <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 250 (3d Cir. 2000).  Thus, damages are available under § 1983 to compensate plaintiffs for injuries caused by defendants' violations of federal rights.  At trial, Defendants would be permitted to argue that Plaintiff has suffered no injuries and deserves no damages.  This Court has not ruled otherwise.

This analysis shows that the defenses have a clear relation to the controversy and are not insufficient.  Moreover, Plaintiff has not shown that the defenses will cause him prejudice.  Further, a partial denial of a motion to dismiss does not establish any <u>facts</u> that must govern later proceedings.  Thus, Plaintiff's motion to strike the defenses based on the September Opinion will be denied.

**B.   Motion to Strike based on Defendants' Failure to Plead Good Faith as an Affirmative Defense**

Nor is Plaintiff entitled to strike the defenses based on Defendants' failure to plead good faith as an affirmative

14

defense.[6]  Plaintiff cites <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980), in support of this argument.  However, Plaintiff misreads <u>Gomez</u>.

     <u>Gomez</u> held that defendants bear the burden of pleading good faith as an element of qualified immunity, which can be a defense to a § 1983 action.  <u>Gomez</u>, 446 U.S. at 640-41.  Here, however, Defendants have not raised the defense of qualified immunity, and thus have no burden to plead good faith.  Indeed, in the September Opinion, this Court noted that "[a]s Defendants have not raised any claim for immunity, [the September Opinion] does not address whether immunity bars this action . . . ."  <u>Huertas</u>, 2006 WL 2772033, at *7 n. 3.  Thus, the fact that Defendants have not pled good faith does not entitle Plaintiff to strike certain of Defendants' affirmative defenses.  As such, Plaintiff's motion to strike based on Defendants' failure to plead good faith will be denied.

## IV.  MOTION FOR PRELIMINARY INJUNCTION

     Plaintiff has moved to enjoin Defendants from using the run-off provision, claiming it will cause immediate and irreparable injury to him, which he does not specify.  This Court denied Plaintiff's motion for a temporary restraining order in its prior Order on this matter dated November 13, 2006 because Plaintiff

---

     [6]  The Court assumes for purposes of this motion that Defendants have not pled that they acted in good faith.

had not shown any of the required elements for injunctive relief.
Now this Court will deny Plaintiff's motion for a preliminary
injunction for similar reasons.

Issuing a preliminary injunction is "an 'extraordinary
remedy' and should be restricted to 'limited circumstances.'"
Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797,
800 (3d Cir. 1988).  In ruling on a motion for a preliminary
injunction, courts must consider: (1) the likelihood that the
moving party will prevail on the merits, (2) the extent to which
the moving party is being irreparably harmed by the challenged
conduct, (3) the extent to which the non-moving party will suffer
irreparable harm if the injunction is issued, and (4) the public
interest.  AT&T Co. v. Winback and Conserve Program, Inc., 42
F.3d 1421, 1427 (3d Cir. 1994).  The moving party bears the
burden of proving these elements.  See Adams v. Freedom Forge
Corp., 204 F.3d 475, 486 (3d Cir. 2000).  A court should issue a
preliminary injunction only if the moving party produces evidence
sufficient to convince the court that all four factors favor
preliminary relief.  Shire US, Inc. v. Barr Labs, Inc., 329 F.3d
348, 352 (3d Cir. 2003); AT&T, 42 F.3d at 1427.

Plaintiff has failed to meet this burden.  In support of his
motion for this extraordinary remedy, Plaintiff offers a single
conclusory sentence:

> Unless [D]efendants are restrained and
> enjoined by order of this court, the

16

> plaintiffs will suffer immediate and
> irreparable injury, loss, and damage in that
> the costs of the run-off elections is [sic]
> an unnecessary financial burden to the
> plaintiffs and all other poor tax payers of
> the City of Camden and that the Latino vote
> will be unconstitutionally diluted . . .
> [and] that plaintiffs have no adequate remedy
> at law.

(Plaintiff's Mot. for Preliminary Injunction at 1.)

First, Plaintiff has not shown a likelihood of success on the merits.  Plaintiff has not adduced any evidence in support of the prima facie elements of his voting claims, nor upon the overall issue of discriminatory intent.  Second, Plaintiff has not shown that he will suffer immediate and irreparable harm if his motion is denied.  Indeed, a run-off election is not even certain to occur because the next Camden elections that could potentially produce a run-off election are not until May 2007.  Plaintiff certainly cannot suffer immediate and irreparable harm from an event that is not even certain to occur.  Third, Plaintiff has not discussed whether Defendants would suffer irreparable harm if the Court imposed the injunction.  Finally, Plaintiff has not shown, beyond his conclusory statement above, how an injunction would serve the public interest.  Therefore, this Court shall deny the motion for a preliminary injunction.[7]

---

[7]  This Court declines to consider additional arguments Plaintiff raised for the first time in a reply brief.  "A moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief."  See International Raw Materials, Ltd. v. Stauffer Chem.

V.   **CONCLUSION**

For the foregoing reasons, the Court shall deny Plaintiff's motions for judgment on the pleadings and to strike defenses and shall enter an appropriate Order.


**February 14, 2007**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         U.S. District Judge

---

Co., 978 F.2d 1318, 1327 n.11 (3d Cir. 1992); see also Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 204-05 n. 29 (3d Cir. 1990); Ballas v. Tedesco, 41 F. Supp. 2d 531, 533 (D.N.J. 1999).